## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Special Agent Matthew Bryant, being duly sworn does depose and state the following:

**A.   INTRODUCTION**

1. I make this affidavit in support of an application for a criminal complaint: charging Alvin HARDESTY and Garrick RICHARDSON with conspiracy to distribute and possession with the intent to distribute heroin in violation of 21 U.S.C. § 846.

**B.   AFFIANT**

2. I am employed as a Special Agent with the United States Drug Enforcement Agency ("DEA") and have been so employed since June 2017.

3. The statements made in this Affidavit are based in part on: (a) my personal participation in this investigation; (b) information provided to me by other law enforcement officers; (c) criminal history records maintained by various law enforcement agencies; and (f) the training and experience of myself and other law enforcement agents and officers.

4. As part of my employment with DEA, I attended the Basic Agent Training Program, a 20-week resident program that included academic instruction in the basics of report writing, law, firearms, surveillance techniques, interview and interrogation techniques, automated information systems, drug identification, defensive tactics, and leadership and ethics. Prior to joining DEA, I was a police officer with the Metropolitan Police Department (in Washington, D.C.) for over 4 years, and a member of the Sixth District Crime Suppression Unit for more than 1 year. As a result of my law enforcement experience, I have had the opportunity to author search warrants and work with other experienced law enforcement officers.

5. I have a Master's Degree in criminal justice. As part of that degree program, I

1

19 - 3 9 5 1 JMC         19 - 3 9 5 2 JMC

received a substantial amount of classroom training on constitutional rights. I also have a bachelor's degree in criminal justice. As part of that degree program, I studied and was instructed on U.S. law enforcement ethics.

6. Through my training, education, experience, and the experience of those with whom I work, I have become familiar with street sales of illicit drugs; the use of "stashes" and "stash houses"; the prices, quantities, and packaging of illicit drugs; the use of couriers in the distribution of illicit drugs; drug traffickers' methods and modes of communication and the counter-surveillance techniques they employ; drug traffickers' language, terminology, traits, actions, and codes; the manufacturing and processing of controlled dangerous substances ("CDS"); and methods of asset concealment utilized by dealers of illicit drugs. Based on my training and experience, I know that narcotics dealers often use multiple cellular telephones for the purpose of communicating with sources of supply as well as communicating with customers.

7. I have participated in the execution of numerous search and seizure warrants yielding large amounts of CDS and leading to the arrests of numerous persons for violations of the CDS laws. In addition, through my investigative experience, I know that persons involved in the illegal distribution of CDS keep and maintain records of their various unlawful activities. My experience in similar cases has established that such records are regularly concealed in suspects' automobiles, residences, offices, and on their persons, or in warehouses and storage lockers. And these records also take various forms—including both physical and electronic. Records commonly concealed by traffickers include, but are not limited to, notes in code, deposit slips, wired money transactions, savings pass books, hidden bank accounts, photographs of CDS and co-conspirators, various forms of commercial paper, personal address books, notebooks, receipts, ledgers, travel

19 - 3 9 5 1 JMC          19 - 3 9 5 2 JMC

receipts (rental receipts, airline tickets, bus tickets, and/or train tickets) for both commercial and private travel, money orders and other papers relating to the ordering, transportation, sale, and distribution of CDS, and other documents that identify co-conspirators. The aforementioned records are usually kept in locations that are considered safe by drug traffickers—including in residences, vehicles, and on their persons—and where they have ready access to them.

8. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers and witnesses.

9. Because this Affidavit is being submitted for the limited purpose of establishing probable cause for a criminal complaint, I have not included every detail of every aspect of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause. I have not, however, excluded any information known to me that would defeat a determination of probable cause.

**B.     PROBABLE CAUSE**

14. During the week of November 17, 2019, a DEA Confidential Source (hereinafter the CS) agreed to conduct numerous recorded conversations with Alvin HARDESTY (YOB 1974) regarding the purchase of a kilogram of heroin. After numerous conversations the CS and HARDESTY agreed on a purchase price and agreed to meet in Maryland for the CS to purchase a kilogram of heroin.

15. On November 26, 2019, the CS and HARDESTY agreed to meet at the Colony South Hotel located at 7401 Surratts Road, Clinton, Maryland. Prior to the controlled buy, the CS was checked for any contraband and investigators confirmed he/she was free of any contraband. The CS parked his/her vehicle in the Colony South Hotel parking lot and investigators established

19-3951 JMC                    19-3952 JMC

surveillance in the area. The CS entered into the vehicle which HARDESTY was operating and HARDESTY stated to the CS that he needed to call someone to bring the "dope." After HARDESTY placed multiple phone calls a male later identified as Garrick RICHARDSON (YOB 1969) entered into the rear seat of HARDESTY's vehicle with a brick like object wrapped in aluminum foil. At this time, the CS believed that RICHARDSON delivered the kilogram of heroin that the CS and HARDESTY previously discussed. According to the CS, RICHARDSON then proceeding to cut a piece of the heroin off for HARDESTY and the CS to examine. RICHARDSON handed HARDESTY a small amount of an off white powder substance which came from the kilogram. HARDESTY then gave the small amount of heroin to the CS. At that time, the CS exited the vehicle and informed investigators that there was a kilogram of what he/she believed to be heroin inside of HARDESTY's vehicle.

16. As a result of the CS's confirmation of the drug transaction, investigators attempted to detain HARDESTY and RICHARDSON, but HARDESTY placed his vehicle in drive and fled from the area at a high rate of speed. However, HARDESTY was unable to maintain control of his vehicle and crashed his vehicle in the 9600 block of Dangerfield Road, Clinton Maryland. HARDESTY fled from the vehicle into a nearby wooded area, and investigators were unable to locate him. Investigators retraced HARDESTY steps from where they last saw him to his vehicle and discovered a brick like object inside of aluminum foil with the letter H on the outside. The CS confirmed this is the same package he observed RICHARDSON deliver. Investigators detained RICHARDSON who also fled from HARDESTY's vehicle in the 9600 block of Dangerfield Road. While the substance has not been formally tested I believe based on my training, knowledge, and experience that the substance is heroin and that HARDESTY and

19-3951 JMC     19-3952 JMC

RICHARDSON conspired with each other to distribute that substance to the CS. Additionally, I know that a kilogram of heroin is intended for distribution rather than personal use.

### D. CONCLUSION

15. To the best of my knowledge and belief, all statements made in this affidavit are true and correct. Based on the foregoing facts I believe probable cause exists supporting the issuance of a Criminal Complaint charging the Defendants with conspiracy to distribute and possession with the intent to distribute heroin, in violation of 21 U.S.C. § 846.

Matthew Bryant
Special Agent, DEA

Sworn to and subscribed before me this 27 day of November, 2019

The Honorable J. Mark Coulson
United States Magistrate Judge