IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.  1:19CR583-01 |
| | : | |
| ALVIN HARDESTY | : | |
| | : | |
| Defendant | : | |

**SENTENCING MEMORANDUM**

ALVIN HARDESTY, through counsel, presents this Memorandum to the Court to aid it in deciding the appropriate sentence in this case.  Also attached are letters in support of Mr. Hardesty from those for whom he has worked, as well as his family and friends in the community.  This is not a case which requires the harshness suggested by the Presentence Report of the high end of the Guidelines Range in this case to achieve the goals of sentencing.  In this case, Alvin Hardesty is a smaller actor.  He did put the two operatives together – Cooperator Barksdale and Mr. Richardson – but Alvin was not going to receive anything for the introduction.  He did this as a clearly misguided favor for an old friend in need, Mr. Barksdale.  He obviously regrets his ill-considered and wrong-headed decision, as his statement reflects.  It has placed him back in prison, jeopardized a business he has painstakingly developed, and let down his Family and his friends.  It is worth noting that once aware that he had been charged, when the U.S. Marshals pulled him over, he gave his word that he

1

would self-surrender, and did just as he promised. They did not arrest him right then he showed up at the court house to be taken into custody right when he said he would. He knew that there was a good chance he might not be released, and could well remain in custody, but he gave his word and he keeps his word. When granted release, he has been fully compliant. During the ensuing months he has been working hard to complete jobs while the lawyers worked out discovery and a plea agreement.

Alvin knows he will go to prison, and is concerned about the impact on his Family, particularly his parents. In his community he is known as a positive person who contributed his time, energy, and efforts to helping others. The letters on his behalf show that he is a person who cares for, cares about, and helps others. None condone what he did, but all know him as the generous, caring and giving person he is.

## I. BACKGROUND

Alvin is to be sentenced on his guilty plea. He has accepted responsibility for what he did and, that includes a prison sentence. That sentence, however, need not be, and ought not to be at the very high end of the Guideline range in this case. While out on release during this case, he has remained gainfully employed, built his concrete business, and fully complied with all conditions required. He has also been able to help support his fiancé and her child, as well as others.

Family and friends are aware of his conviction, but, nonetheless, stand behind him. That support is something worth taking into account when this Court decides his future. Those who have written on his behalf, recognize his devotion to Family and to helping others. It is hoped that this Court will give their support consideration when making its decision.

## II. GUIDELINES

The Guidelines, even before *United States v. Booker*, 542 U.S. 220 (2005) recognized that there are individuals as to whom the harsh standard sentence of incarceration does not appropriately apply. Not every case requires the harsh reality of an extremely long sentence. Even the Sentencing Commission has recognized that in drug cases, where sentences are not based on empirical data, there are situations where trial courts should impose sentences that are not governed by the Guideline's harshest calculations. This is a case where such a sentence is proper. This case does not require the very extreme harshness of a very high-end Guideline sentence to achieve the goal of an appropriate sentence.

Mr. Hardesty was not in the drug business and was not dealing and then got caught. He knew people from the old days and put them together when asked by an old friend who appeared to need help. He knows he should not have done that and that it was not only illegal, but was wrong. He was selected by someone he knew, an old friend, and after initially saying no, he did say yes

to finding a source. That was a choice he should not have made and for which he will pay with years of his life. It is hoped, however, that it will not be the very high-end sentence that is part of the case.

The Guidelines for drugs, when originally formulated, were not based on empirical data, research studies, or specialized expertise of the Sentencing Commission. The primary thrust was political in that the Commissioners could not agree on a single sentencing philosophy. Ultimately the controlling force behind drug sentences under the Guidelines was drug type and quantity. *See United States v. Diaz* 11-cr-821-2 (J.G.) E.D.N.Y. (2013). Compare, for example, the Virginia Sentencing Guidelines which, in contrast to the Federal Guidelines, are actually based on empirical studies of sentences across the state. The catalyst for the non-empirical result in the Federal Sentencing Guidelines was the sudden and tragic death of University of Maryland basketball star Len Bias. He died from a drug overdose. *Id.* at *10,13, 14. This sensational news story led to the determination to use drug type and quantity as the calculus for the determination for sentences rather that the more effective and nuanced approach based on an historical and empirical analysis used in other Guidelines. The result of the approach which the Commission chose was a massive, exponential increase in our prison population with little change in the drug problem in our Country. Even today, with the changes in

some drug Guidelines, we have one of the largest prison populations compared to most other countries.

Alvin Hardesty was a lower level participant. He introduced Barksdale and Richardson as a favor; not for any money or anything else. *See, e.g.,* Application Note 5 to FSG §3B1.2(b) which recognizes that one who is lesser involved in a case should receive a lesser sentence even if not a 3B1.2 reduction.

The defense recognizes that Alvin will be sentenced to a prison term. The request, however, is for a term well below the very high end of the Guidelines range in this case. The purpose of criminal law is to benefit society by providing protection through arrest, prosecution and conviction as well as by rehabilitating those who are sentenced. Indeed, Congress has said that sentences should be the minimal necessary to achieve rehabilitation and punishment. That is a fundamental consideration in 18 U.S.C. §3553(a) and it can and should be applied here. Yes, he has a prior record and has been in prison, but the events of this case, as wrong as they are, were not something he set out to do on his own. He was contacted by a friend who sounded as though he was in a spot. He foolishly and unwisely agreed to help that friend.

This is not a case for the hardest sentence to be an effective sentence for this 47 year-old man. That would not be consistent with what has been recognized by many states and even the fractured U.S. Congress where there

is bipartisan support to change the draconian drug sentencing laws. Our drug laws and the massive time to serve that they carry cause us to have the largest prison population and the longest, most extreme, prison sentences of any country in the world. We have 5 percent of the world's population, but 25 percent of the world's prison population. This Court is asked for a sentence that would allow Mr. Hardesty's release at some reasonable age. The recommended Guideline sentence in the PSR in this case is unnecessarily severe.

### A. ALTERNATIVE SENTENCES - PRE *BOOKER*

Even prior to *United States v. Booker, supra,* pursuant to 18 U.S.C. §3553, U.S.S.G. 5K2.0, *Koons v. United States*, 518 U.S. 81, 92 (1996), *United States v. Weinberger*, 91 F.3d 642 (4th Cir. 1996) and *United States v. Brock*, 108 F.3d 31 (4th Cir. 1997) the proposed Guidelines sentence would not be appropriate in this case.

In U.S.S.G. 5K2.0 Congress "acknowledged the wisdom, even the necessity, of sentencing procedures that take into account individual circumstances." *See Koons v. United States*, supra at 92 (1996) which recognized that people should be considered as individuals. Not every case requires the harsh confines of extremely lengthy incarceration to achieve a proper sentence. How Mr. Hardesty has conducted himself while awaiting

resolution of his case and his sentence speaks of one who knows the wrong he did and recognizes that the old associates and old ways must come to an end.

Prior to *Booker,* courts could not only take into account various characteristics of a defendant as an individual when considering a sentence, but could also take several different characteristics into account collectively. Under 5K2.0(c)(1), for example, courts could consider "the characteristics of the offender and other circumstances" which are permissible considerations for a sentence.

Characteristics that were permissible for consideration included family and community ties and age. In 5H1 and 5H6 of the Guidelines, these issues are recognized as permissible for consideration and in combination, when considering a sentence pre-*Booker* and they present an appropriate consideration, today, post *Booker,* in this case.

Courts were also encouraged to compare the facts presented for a defendant before the court for sentencing "with the facts of other Guidelines cases". The facts in this case and the structure and theory of the Guidelines as a whole clearly indicate that Mr. Hardesty, even pre-*Booker,* does not require extreme incarceration for this particular case in order to impose a just sentence. Our Country's very serious attraction to excessively long drug sentences has been correctly shown to be unwarranted and, in point of fact, ineffective.

## B.  PRINCIPLES APPLICABLE TO SENTENCING

The traditional arguments which are often urged to justify long confinement are not appropriate in this particular case. Those reasons generally urged for such sentences are punishment, protection of society, individual deterrence, general deterrence and rehabilitation, and are mirrored in 18 U.S.C. §3553(a). In 18 U.S.C. §3553(a), Congress has said that courts should look for the minimal sentence, one that is not greater than necessary, to achieve the goals of sentencing. That is not the highest end of the range in this case.

Punishment in terms of vengeance does not serve a utilitarian purpose and is, in fact, counterproductive to a free and democratic society. We are not a society whose legal system is ruled by the emotion of revenge and we should continue to resist those who would push us to become one. Punishment can come in many forms and need not always be an extreme sentence of incarceration.

The protection of society consideration is inapplicable in this case. The letters on his behalf attest to the fact that society has no basis to fear him and there is no likelihood he will return to a situation like this again. He is older. He knows his old contacts and friends are a danger and he has rejected that life. One can look to how hard he has been working and to how he has been toeing the line to see how he has come to a good course.

The concept of individual deterrence holds that an individual punished for a crime will not likely repeat it. He has a strong supportive network which few have available. That makes his opportunity for success after release greater than most.

The theory of general deterrence holds that severe punishment of one individual will deter others. This theory has been loudly expounded but has never been proven to be so. It has almost no factual support. In fact, in the England of several centuries past, pickpockets were hung in public squares, yet at these public executions other pickpockets worked the attending crowds *en masse*. Historically, the only general deterrence ever actually shown to have proven reliability is the guarantee of being caught. The guarantee of being caught is something that really does stop crime. It is the only clearly proved preventative. It is what people know. People do not speed when they know there is a speed trap, or drink and drive when holiday roadside checks are in place. It is the sureness of being caught rather than the severity of the punishment that is the only effective deterrent to have been proved. It is the only deterrent with known, provable success.

In recent years, the states of Texas, New York, and Kentucky have reduced their legal system's former reliance on severe incarceration as the key to addressing crime. By using alternative sentences and lesser terms of incarceration, they have lowered their crime rate, their repeat offender rate,

and their prison population.  Other states such as South Carolina are following suit.  We have the largest prison population in the world.  Incarceration, on our scale, has not solved our problems.  As Judge Diaz so capably recognized in *United States v. Diaz, supra*, our drug sentencing history for well over twenty (20) years has been driven by political factors, not by the needs of society.  We are moving away from the use of prison as a panacea, and this is a case which should move away as well; not that there will not be a prison sentence, but that it need not be so very long.

    Finally, we come to rehabilitation.  This is the opposite of punishment for it shows a concern for the individual defendant and for society.  Rehabilitation represents efforts to help the defendant and to also help society so that he does not return to the conduct which led him afoul of the law.  Alvin knows he will be sent to prison but does not need to be so old when released that his ability to work in concrete and masonry is past him.

    This Court is respectfully asked to impose a sentence in his case that will not be extreme.

                                            ALVIN HARDESTY
                                            By Counsel

_____/S/_____
MARVIN D. MILLER
1203 Duke Street
Alexandria, VA 22314
Phone: (703) 548-5000
Fax: (703) 739-0179
ofc@mdmillerlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of November, 2021, I will electronically file the foregoing using the CM/ECF system, which will send a notification all parties of record.

_____/S/_____
MARVIN D. MILLER